UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 09-210 |
| v. | * | SECTION: "F" |
| CHAD CLARK | * | |
| | * * * | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR RECOMMENDATION REQUESTING 12 MONTHS
OF FEDERAL HALFWAY HOUSE AND/OR HOUSE ARREST

NOW INTO COURT comes the United States of America appearing herein through the undersigned Assistant United States Attorney, who respectfully opposes Chad Clark's motion for recommendation to Bureau of Prisons as follows:

I.   PROCEDURAL BACKGROUND

On July 16, 2009, defendant Chad Clark was charged in a five-count indictment with three counts of violating the federal Controlled Substances Act, to wit: Count 1, conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, and Counts 2 and 3, distributing a quantity of heroin.  On September 2, 2009, the government filed a Bill of Information under 21 U.S.C. § 851, charging Clark as a repeat drug offender, having at least one prior felony drug conviction, that being a 1998 conviction for possessing with intent to distribute crack cocaine in Orleans Parish.  This escalated Clark's mandatory minimum sentence as to Count 1 from five years to ten years, and his maximum sentence from forty years to life in prison.

On October 15, 2009, Clark pled guilty to Count 1 in the indictment.  U.S. Probation Officer Tracy Coleman, who authored the presentence report, found that Clark's statutory sentencing range was ten years to life imprisonment.  Officer Coleman further found Clark's

guidelines range to be 84 to 105 months, but ultimately restricted to 120 months because of the mandatory minimum sentence. On February 11, 2010, this Court sentenced Clark to the mandatory minimum sentence of 120 months, ten years of supervised release, and a $100 special assessment.

On July 9, 2015, Clark filed the instant motion requesting that this Court submits an order, or in the alternative, recommends to the Bureau of Prisons, that Clark be placed in a halfway house or on house arrest for a twelve-month period beginning on May 30, 2017.

## II.  ARGUMENT

### A.  Clark Is Not Eligible for an Amended Sentence.

Clark's motion is styled as a request for the Court to "recommend" halfway house and/or house arrest placement to the Bureau of Prisons (Defendant's Motion at 1). However, Clark's motion ultimately concludes by asking the Court to "enter an Order to the Federal Bureau of Prisons regarding motion for 12 months Home Detention" (*id.* at 2). As an initial matter, to the extent that Clark's motion is a motion to modify or correct his previous sentence of 120 months, Clark is not eligible for such relief. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy

2

statements.  *See* § 3582(c).  Clark fails to assert grounds for modification that fall into any of the categories above.  Therefore, the Court does not have authority to alter his sentence.

>   B.  **Halfway House/House Arrest Placement Is Within the Discretion of the Bureau of Prisons, Subject to 18 U.S.C. § 3624(c).**

To the extent Clark's motion is intended as a request for a recommendation—and the Court considers it as such—Clark is effectively asking the Court to weigh in on decisions that are clearly within the province of the Federal Bureau of Prisons.  The Bureau of Prisons has broad authority to determine the location of Clark's imprisonment and the terms of his pre-release custody.  *See* 18 U.S.C. §§ 3621(b), 3624(c) (2006).  *See also United States v. James*, No. 05-059, 2007 WL 2323385, at *11 (E.D. La. Aug. 10, 2007).  Section 3621(b) specifically states that "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."

In *United States v. Sneed*, the Fifth Circuit declined to address the defendant's request to be allowed to serve the remainder of his sentence on home confinement.  63 F.3d 381 (5th Cir. 1995).  It reasoned that:

> [S]uch requests are properly directed to the Bureau of Prisons. *See* 18 U.S.C. § 3624(c) (1988) (providing that Bureau of Prisons has the authority to "place a prisoner in home confinement"); *see also Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."), *cert. denied*, 510 U.S. 830, 114 S.Ct. 98, 126 L.Ed.2d 65 (1993).

*Sneed*, 63 F.3d at 389 n.6.  *See also United States v. Washington*, No. 00-256, 2004 WL 764184, at *1 (E.D. La. Apr. 6, 2004).  Thus, it is the Bureau's discretion as to whether to place Clark on home confinement or in a halfway house, and the length of such placement.

These decisions are guided by § 3624(c).  And § 3624(c)(2) forecloses the relief sought by Clark, to the extent he requests 12 months' placement in home confinement.  Under that subsection, the Bureau "***may*** . . . place a prisoner in home confinement." *Id*. (emphasis added).  However, the term of home confinement must be "the shorter of 10 percent of the term of imprisonment . . . or 6 months." *Id*.  Ten percent of Clark's sentence of 120 months is 12 months.  Because the shorter period would be 6 months, Clark is statutorily precluded from serving a period of home confinement that exceeds 6 months. With respect to possible halfway house placement, the Bureau "***may*** [consider] a community correctional facility [i.e., a halfway house]" for placement up to 12 months, however the Bureau is not obligated to make such a placement.  § 3624(c)(1) (emphasis added).  It is within the Bureau's discretion whether to assign Clark to a halfway house for a period not to exceed 12 months.

Ultimately, if the Bureau determines that Clark is a suitable candidate for halfway house or home confinement placement, consistent with § 3624(c) strictures, the government would have no objection. However, that decision should remain with the Bureau of Prisons, who "is in the best position to evaluate the defendant's ability to successfully adjust and re-enter the community, given that Bureau employees have worked directly with defendant and are privy to complete records regarding defendant's progress." *See Washington*, 2004 WL 764184, at *1.

    Respectfully submitted,

    KENNETH ALLEN POLITE, JR.
    UNITED STATES ATTORNEY

    s/ Brandon S. Long
    BRANDON S. LONG
    Assistant United States Attorney
    650 Poydras Street, Suite 1600
    New Orleans, LA 70130
    Telephone: (504) 680-3106
    Email: brandon.long@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF and mailed a copy to defendant, Chad Clark, 3119-034, C-1, Federal Correctional Institution, P.O. Box 7000, Texarkana, Texas 75505-7000.

                                                    s/ Brandon S. Long
                                                    BRANDON S. LONG
                                                    Assistant United States Attorney