UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

V.                                          NO. 09-210

CHAD CLARK                                  SECTION "F"

ORDER AND REASONS

Before the Court is Chad Clark's motion for a recommendation to the Bureau of Prisons that he spend 12 months in a federal halfway house or on house arrest.  For the reasons that follow, the motion is DENIED.

**Background**

On October 15, 2009, Chad Clark pled guilty to Count 1 of a three-count indictment, which charged him with conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846.  Because the government also filed, and Clark also pled guilty to, a bill of information charging him as a repeated drug offender under 21 U.S.C. § 851, Clark faced a mandatory minimum of 10 years imprisonment.  On February 11, 2010, the Court sentenced Clark to the mandatory minimum sentence of 120 months imprisonment, to be followed by 10 years of supervised release, and ordered that he pay a $100 special assessment fee.  Clark now requests that the Court recommend to the Bureau of Prisons that he be placed in a halfway

1

house or on house arrest for a 12-month period commencing on May 30, 2017.

I.

A.

First, the government submits that, insofar as Clark's motion is a motion to modify or correct his sentence, Clark is not eligible for such relief.  The Court agrees.  This Court has the authority to modify or correct a previously imposed sentence only in a limited number of circumstances.  18 U.S.C. § 3582(c).  None of those circumstances are present here.

B.

Second, the government submits that a decision to place Clark in a halfway house or on house arrest is one conferred to the discretion of the Bureau of Prisons.  Again, the Court agrees.  The Bureau of Prisons has broad authority to determine the location of Clark's imprisonment and the terms of his pre-release custody.  18 U.S.C. § 3621(b)("[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."); § 3624(c)(the Bureau "may ... place a prisoner in home confinement" or "may [consider] a community correctional facility").  In United States v. Sneed, the Fifth Circuit declined to address the

2

defendant's request that he be allowed to serve the remainder of his sentence on home confinement, reasoning that "such requests are properly directed to the Bureau of Prisons."  63 F.3d 381, 389 n.6 (5th Cir. 1995).  Same, too, here.  Clark's request is best directed to the Bureau of Prisons.

Accordingly,  Clark's motion is DENIED.


New Orleans, Louisiana, December 16th, 2015


MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE